UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LISA POLK,

    Plaintiff,

v.

PRINCIPAL LIFE INSURANCE COMPANY,

    Defendant.
_____)

## **COMPLAINT**

The Plaintiff, LISA POLK ("POLK"), by and through her undersigned counsel, hereby sues PRINCIPAL LIFE INSURANCE COMPANY ("THE PRINCIPAL"), and alleges as follows:

## **JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. POLK brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of plan.

2. POLK was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. THE PRINCIPAL is a corporation with its principal place of business in the State

of IOWA, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, THE PRINCIPAL, can be found in the Southern District of Florida, and is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to POLK by THE PRINCIPAL.

6. POLK was at all times material an employee of ADAMS NELSON MANAGEMENT, INC. ("ADAMS NELSON").

7. POLK was at all times material a plan participant under the ADAMS NELSON Long-term Disability Plan, Group Policy No. GLT 1021720 (the "LTD Plan") which was established by ADAMS NELSON and pursuant to which POLK is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. THE PRINCIPAL is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

10. As the decision maker and payor of plan benefits, THE PRINCIPAL administered the claim with a conflict of interest, and the bias this created affected the claims determination. As such, THE PRINCIPAL is not entitled to a deferential standard of review.

11. The LTD Plan documents lack a discretionary clause; therefore, the appropriate standard of review to be applied is de novo.

12. THE PRINCIPAL is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made in POLK's claim.

13. Pursuant to the terms and conditions of the LTD Plan, POLK is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

14. According to the LTD Plan,

    The test of "Disability" is as follows:

    > A Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy:
    >
    > During the Elimination Period and the Own Occupation Period, one of the following applies:
    >
    > a. The Member cannot perform the majority of the Substantial and Material Duties of his or her Own Occupation.
    >
    > b. The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Predisability Earnings.
    >
    > After completing the Elimination Period and the Own Occupation Period, one of the following applies:
    >
    > a. The Member cannot perform the majority of the Substantial and Material Duties of any occupation for which he or she is or may reasonably become qualified based on education, training, or experience.
    >
    > b. The Member is performing the Substantial and Material Duties of his or her Own Occupation or any occupation on a Modified Basis and is unable to earn more than 80% of his or her Indexed Predisability Earnings.
    >
    > The loss of a professional or occupational license or certification does not, in itself, constitute a Disability.

15. At all relevant times, POLK has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

16. Since on or about December 17, 2013, POLK has been disabled under the terms

of the LTD Plan.

17. At all relevant times, POLK has been under the regular care of a doctor.

18. At all relevant times, POLK was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled under the terms of the LTD Plan, POLK made a claim to THE PRINCIPAL for disability benefits and submitted the required proof of loss.

20. On or about September 23, 2014, without reasonable basis or justification, THE PRINCIPAL denied POLK's LTD claim.

21. POLK timely appealed THE PRINCIPAL'S, September 23, 2014, adverse benefit determination.

22. On or about July 23, 2015 THE PRINCIPAL affirmed its adverse determination, and advised POLK that its decision was final and not subject to further review.

23. From December 17, 2013 to the present date, POLK has not received benefits owed to her under the LTD Plan, despite POLK'S right to these benefits.

24. At all relevant times, THE PRINCIPAL was the payor of benefits.

25. At all relevant times, THE PRINCIPAL was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, THE PRINCIPAL was the Plan Administrator.

27. At all relevant times, POLK has been and remains Disabled and entitled to LTD benefits from THE PRINCIPAL under the terms of the LTD Plan.

28. POLK has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

29. POLK incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), POLK, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. POLK has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of THE PRINCIPAL'S failure to pay her disability benefits.

33. POLK has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to POLK at a time when THE PRINCIPAL knew, or should have known, that POLK was entitled to those benefits under the terms of the LTD Plan, as POLK was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of POLK'S claim for LTD benefits;

    (c) After POLK'S claim was denied in whole or in part, THE PRINCIPAL failed to adequately describe to POLK any additional material or

5

information necessary for POLK to perfect her claim along with an explanation of why such material is or was necessary.

   (d)  THE PRINCIPAL failed to properly and adequately investigate the merits of POLK'S disability claim and failed to provide a full and fair review of POLK'S claim.

35. POLK believes and thereon alleges that THE PRINCIPAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which POLK is presently unaware, but which may be discovered in this future litigation and which POLK will immediately make THE PRINCIPAL aware of once said acts or omissions are discovered by him.

36. Following the termination of benefits under the LTD Plan, POLK exhausted all administrative remedies required under ERISA, and POLK has performed all duties and obligations on her part to be performed under the LTD Plan.

37. As a proximate result of THE PRINCIPAL's aforementioned wrongful, POLK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding POLK'S claim for benefits, POLK, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), POLK is entitled to have such fees and costs paid by THE PRINCIPAL.

39. The wrongful conduct of THE PRINCIPAL has created uncertainty where none should exist, therefore, POLK is entitled to enforce her rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD

Plan.

## REQUEST FOR RELIEF

WHEREFORE, LISA POLK prays for relief against PRINCIPAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due to LISA POLK from December 17, 2013, less any applicable elimination period, through the date a judgment is entered in this action;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as POLK remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Dated: August 18, 2015

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300

Fax: (954) 922-6864

__/s/ *Rachel Alters*_____
Rachel Alters, ESQUIRE
Florida Bar No.: 106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com